## MORRIS v. THE STATE OF INDIANA.

[No. 21,769. Filed May 23, 1911.]

1. CRIMINAL LAW.—*Dogs.*—*Failure to Pay Tax on.*—*Statutes.*— When construed with §3261 Burns 1908, Acts 1897 p. 178, §4, providing that "any person who shall keep or harbor any dog, and shall not have paid the township assessor" the proper dog tax "and received his receipt for such payment" shall be subject to a fine, and §10202 Burns 1908, Acts 1903 p. 49, §32, providing for the listing of dogs by the township assessor, and §3258 Burns 1908, Acts 1897 p. 178, §1, providing that, at the time of assessing, the person owning, harboring, or keeping any dog shall immediately pay the tax thereon, §3266 Burns 1908, Acts 1897 p. 178, §9, providing that "it shall be a misdemeanor for any person who does not hold the township assessor's or township trustee's receipt" for the payment of dog tax, "to keep, harbor, board or feed, or permit any dog to stay about his, her or their premises," defines the offense of keeping, harboring, boarding, feeding, or permitting to stay about the premises, any dog not listed for taxation on the assessment schedule, whether kept or harbored at the time of the assessment or afterward, without holding a receipt for the payment of the tax thereon, and §3261, *supra*, applies only where the dog is listed but the owner has failed to pay the tax thereon. p. 655.

2. CRIMINAL LAW.—*Dogs.*—*Failure to Pay Tax on.*—*Instructions.* —In a prosecution under §3266 Burns 1908, Acts 1897 p. 178, §9, providing that "it shall be a misdemeanor for any person who does not hold the township assessor's or township trustee's receipt" for dog tax "to keep, harbor, board or feed, or permit any dog to stay about" his premises, a peremptory instruction for defendant should be given, where the evidence shows that defendant listed his dog for taxation, the dog being present, and that such owner failed to pay the tax, such failure constituting a violation of §3261 Burns 1908, Acts 1897 p. 178, §4, providing

that "any person who shall keep or harbor any dog, and shall not have paid the township assessor the tax" shall be subject to a fine, a conviction under the former constituting no bar to a prosecution under the latter. p. 658.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Prosecution by The State of Indiana against Elmer Morris. From a judgment of conviction, defendant appeals. *Reversed.*

*Robert J. Loveland*, for appellant.

*Thomas M. Honan*, Attorney-General, *Thomas H. Branaman*, *Edward M. White* and *James E. McCullough*, for the State.

MORRIS, J.—Appellant was prosecuted by affidavit under §3266 Burns 1908, Acts 1897 p. 178, §9. From a judgment of conviction he appeals to this court. In charging the offense the affidavit follows the language of §3266, *supra*, which reads as follows: "It shall be a misdemeanor for any person who does not hold the township assessor's or township trustee's receipt, showing that the required tax has been paid for the same, as provided in this act, to keep, harbor, board or feed, or permit any dog to stay about his, her or their premises, and upon complaint they shall be liable to a fine in any sum not exceeding $10."

Section one of said act (§3258 Burns 1908) requires the assessor, when assessing property, to inquire diligently as to the number of dogs owned, harbored or kept by any person assessed, and such person, so assessed, shall immediately pay the assessor $1 for each male dog so owned.

Section two of said act (§3259 Burns 1908) requires the assessor to give to the person assessed a receipt for the money paid, which receipt shall give the person's name, a description of the dog, or dogs, and the amount paid. This receipt relieves the owner from paying further tax on the dog described until the next assessment. The assessor is required to keep a record of receipts issued and of persons

owning dogs, and, when the assessment is completed, to turn over such record to the township trustee, together with all the money collected as dog tax.

Section three of said act (§3260 Burns 1908) requires the assessor to report to the county auditor the amount of dog tax collected and turned over to the trustee.

Section four of said act (§3261 Burns 1908) is as follows: "Any person who shall keep or harbor any dog, and shall not have paid the township assessor the tax as above specified and received his receipt for such payment, shall, upon complaint of any resident of the county, be subject to a fine of not less than $5 nor more than $20."

Section five of said act (§3262 Burns 1908) requires the assessor to keep a record of the dogs not paid for, and the names of the owners, and make a report thereof to the trustee at the time of making his other report, and the trustee is required to report to the prosecuting attorney. This section also provides that if any person shall acquire, keep or harbor any dog after the assessor shall have completed his assessment, he shall report and pay tax thereon to the township trustee, and get the trustee's receipt for the payment thereof.

Section seven of said act (§3264 Burns 1908) provides that any person, when listed for taxation, shall make and subscribe to an oath to the assessor, in which he shall state the number of dogs owned, harbored or kept by him, and fixes a penalty for a false statement to the assessor or trustee.

It will be noted that the penalty in §3261, *supra*, for keeping or harboring any dog by one who has not paid the tax to the assessor, and received his receipt therefor, is a fine of from $5 to $20; and that by §3266, *supra*, the penalty for keeping, harboring, boarding, feeding or permitting a dog to stay about his premises, without holding the assessor's or the trustee's receipt for payment of the tax, is a fine in any sum not exceeding $10.

It must be conceded that it was not the intention of the legislature to fix a maximum fine of $20 in one section and a maximum fine of $10 in another section for the same offense of "keeping" or "harboring" a dog on which no tax had been paid, and that therefore the General Assembly provided the different penalties for different offenses. Appellant contends that §3266, *supra*, must be so construed that the phrase "about his, her or their premises" qualifies the words "keep, harbor, board or feed, or permit any dog to stay," and thus there is no offense, unless the keeping, harboring, etc., is on the defendant's premises. This theory is not correct.

This section of the statute defines five offenses, viz., keeping, harboring, boarding or feeding a dog, regardless of where he stays, and also permitting a dog to stay about the premises. This section was evidently intended to cover all cases not punishable under §3261, *supra*, and this requires us to determine what offense is defined in said section. Section 10202 Burns 1908, Acts 1903 p. 49, §32, provides that schedules, in a certain form, shall be furnished assessors to be used in listing personal property for taxation. On these schedules or lists is printed the following: "Male dogs owned or harbored by me" and "female dogs owned or harbored by me."

The law requires the person assessed to make oath to the schedule. Section 3258, *supra*, defines the duties of the assessor and the person assessed when the schedule is filled out.

We think that §3261, *supra*, defines the offense only where a dog has been listed on the schedule, at the time of assessment, and the person whose dog has been so listed has failed or refused to pay the required tax immediately, as required by §3258, *supra*.

Section 3266, *supra*, defines the offense of keeping, harboring, boarding, feeding or permitting to stay about the premises any dog not listed for taxation on the assessment

schedule, whether kept or harbored at the time of the assessment, or afterwards, without holding a receipt showing the payment of the tax.

In this case the evidence given by the State disclosed the following facts: The assessor of Noble township, Wabash county, on March 24, 1908, assessed defendant. One male dog was listed on his assessment sheet. Defendant signed the sheet, and a dog owned by defendant was at the premises when defendant was assessed, and at that time was seen by the assessor. Defendant never paid the assessor or trustee any dog tax, and never got any receipt from either officer showing that such tax had been paid. Defendant's assessment sheet, showing the listing of the dog thereon, was offered and. admitted in evidence. The State made no attempt to show that after defendant's assessment was completed he kept, harbored, boarded, fed or permitted to stay about his premises any dog. When the State rested, the defendant moved that the court instruct the jury as follows: "Gentlemen of the jury, the court instructs you that the evidence offered on behalf of the State is not sufficient to show that defendant is guilty of the offense charged in the affidavit, and you should return a verdict of acquittal." The record shows that said instruction was tendered to the court and refused, and that defendant excepted.

In refusing to give this instruction, the court erred. The affidavit was clearly drawn under §3266, *supra.* The evidence proved the offense defined in §3261, *supra.* The conviction of defendant under said §3266, for keeping and harboring an untaxed dog, would not be a bar to a prosecution under said §3261, for keeping or harboring one duly listed on which no tax had been paid.

Other questions are presented by defendant, but, in view of the conclusion reached, it is not necessary to consider them. Judgment reversed, with instructions to grant defendant's motion for a new trial.